UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| SEAN MCMAHON and MCMAHON TEXTILES SALES AND SERVICES; | ) ) ) | Civil Action No.: 7:04-cv-1207-RBH |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| SHAHAB MOGHUL and FARRUKH MOGHUL; | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the court is Defendants' [Docket Entry #82] motion for a new trial or new trial *nisi* remittitur under Rule 59 of the Federal Rules of Civil Procedure. Defendants argue that the amount of the jury award was grossly excessive and not supported by the evidence.

## Background

This case was tried before a jury in the United States District Court for the District of South Carolina on September 17 and 18, 2007. Plaintiffs alleged causes of action for breach of contract and fraud against Defendants Shahab Moghul and Farrukh Moghul. Plaintiffs alleged that the Defendants breached two distinct contracts: 1) a contract to purchase textile equipment based on an alleged partnership with Abdul Rauf Hashmani;[1] and 2) a contract to guarantee the debt of Abdul Rauf Hashmani. Plaintiffs sought recovery of approximately One million, two-hundred ten thousand ($1,210,000.00) dollars in damages on the breach of contract

---

[1] Plaintiffs also named Mr. Hashmani as a defendant but were unable to effect service on him. Defendants Shahab and Farrukh Moghul asserted a cross-claim against Hashmani and effected service through publication. Hashmani failed to appear and as a result a Default Judgment was entered on September 18, 2007, against Hashmani in favor of Shahab and Farrukh Moghul.

claims[2] in addition to compensatory and punitive damages on the fraud claim.

The jury returned a verdict in favor of the Plaintiffs on their claim for breach of the contract to purchase textile equipment based on a partnership between Shahab and Farrukh Moghul and Hashmani.  However, the jury found in favor of the Defendants on Plaintiffs' claim for breach of the contract to guarantee the debt of Hashmani.  The jury also found in favor of the Defendants on Plaintiffs' fraud claim.  On the breach of contract claim based on the partnership, the jury awarded Plaintiffs Seven hundred sixty thousand ($760,000.00) dollars.

<u>**Standard of Review**</u>

In ruling on a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, the judge must set aside the verdict and grant a new trial if the verdict is against the clear weight of the evidence, is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *Gill v. Rollins Protective Servs. Co.*, 836 F.2d 194, 196 (4th Cir. 1987).

A remittitur, used in connection with Rule 59, is the established method by which a trial judge can review a jury award for excessiveness. *Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 593 (4th Cir. 1996).  "Remittitur is a process . . . by which the trial court orders a new trial unless the plaintiff accepts a reduction in an excessive jury award." *Atlas Food Sys.*, 99 F.3d at 593.  In the event a court finds that a jury award is excessive, it is the court's duty to require a remittitur or order a new trial. *Id*.

Notwithstanding the above, "a district court sitting in diversity must apply state law

---

[2] Plaintiffs argued that their damages were identical as to each breach of contract claim.  Therefore, regardless of whether the jury found that Defendants breached one or both of the contracts, Plaintiffs argued that their damages were approximately $1,210,000.00.

standards when it considers a Rule 59(a) motion for a new trial based upon the alleged excessiveness of the jury's compensatory damage award." *Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 280 (4th Cir. 1999). Under South Carolina law, a "new trial absolute should be granted only if the verdict is so grossly excessive that it shocks the conscience of the court and clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive." *Knoke v. South Carolina Dept. of Parks, Recreation and Tourism*, 478 S.E.2d 256, 258 (S.C. 1996). "The jury's determination of damages is entitled to substantial deference." *Knoke*, 478 S.E.2d at 258.

When ruling on a motion for new trial *nisi* remittitur, the trial judge has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely excessive. *Vinson v. Hartley*, 477 S.E.2d 715, 723 (S.C. Ct. App. 1996). "Compelling reasons, however, must be given to justify invading the jury's province in this manner." *Vinson*, 477 S.E.2d at 723.

### Discussion

Defendants argue that the jury award is grossly excessive and not based on the evidence before the court. Defendants also suggest that the jury may have been prejudiced by the fact that the Defendants were from Pakistan and of Muslim faith.

Defendants contend that in addition to the $460,000.00 which remained unpaid on the contract, Plaintiffs failed to present competent evidence of the total amount of claimed consequential damages. Defendants argue that the invoices, totaling $131,865.74, submitted in Joint Trial Exhibit 26, were the only competent evidence presented with regard to Plaintiffs' consequential damages. Therefore, according to Defendants, the most Plaintiffs were entitled to recover on the breach of contract claim was $591,865.74. After reduction for failure to

3

mitigate damages, Defendants argue that the proper amount of Plaintiffs' recovery should be no more than $141,865.74.

Plaintiffs presented evidence, and Defendants concede, that approximately $460,000.00 remained unpaid on the contract to purchase textile equipment. Plaintiffs also presented evidence that they suffered additional consequential damages as a result of the breach, such as storage costs and staff overtime. Based on Plaintiffs' evidence at trial, the total amount of damages suffered by Plaintiffs was approximately $1,210,000.00. Defendants argued that Plaintiffs failed to mitigate their damages and questioned the amount Plaintiffs claimed for storage costs. Because the jury awarded Plaintiffs $760,000.00, it appears that the jury was persuaded by Defendants' failure to mitigate arguments and reduced Plaintiffs' claimed damages by approximately $450,000.00.

There is nothing in the record to suggest that the amount of the jury's verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive. Defendants' argument that the jury was somehow swayed by the ethnicity or religion of the Defendants is without merit. The jury's verdict, in fact, reflects a well-reasoned decision by the jurors and indicates that the jury considered all of the evidence, including Plaintiffs' failure to mitigate their damages. Defendants have failed to establish that the jury's damage award was so grossly excessive as to shock the conscience. Likewise, Defendants have not established an entitlement to a new trial *nisi* remittitur because they have not shown that the jury's damage award was excessive nor have they provided compelling reasons to justify invading the jury's province.

## <u>Conclusion</u>

For the reasons stated above, Defendants' [Docket Entry #82] motion for a new trial or new trial *nisi* remittitur is DENIED.

Florence, SC                                        s/ R. Bryan Harwell
October 22, 2007                              R. Bryan Harwell
                                                        United States District Judge

5